[S. F. No. 7806.   Department Two.—January 15, 1917.]

In the Matter of the Estate of EDMUND ATWELL, Deceased. LOIS A. ATWELL, Appellant, v. ALBERT HASKELL, as Executor of the Will of Edmund Atwell, Deceased, Respondent.

WILL—DEVISE OF LIFE ESTATE—RESERVATION OF LEASEHOLD INTERESTS —DEED OF FEE TO DEVISEE.—Where a husband by his will devised a life estate to his wife in certain community property, "subject to the leases that may be in effect," and afterward conveyed the fee of the property to her, retaining certain leasehold interests therein which likewise were community property, the language of the devise should be construed as a reservation, and as a withholding from the life estate devised of such leasehold interests as the testator himself had in the property, and such leasehold interests passed under a provision of the will making disposition of the community property.

APPEAL from a decree of the Superior Court of Alameda County distributing the estate of a deceased person. William S. Wells, Judge.

The facts are stated in the opinion of the court.

John Yule, and Horatio Alling, for Appellant.

William C. Clark, and Cary Howard, for Respondent.

HENSHAW, J.—Lois A. Atwell, widow of Edmund Atwell, appeals from the decree of final distribution made and

entered in the matter of the estate of said Edmund Atwell, deceased.

The estate of Edmund Atwell consisted entirely of community property as declared by his will. That instrument, which was holographic, contained the following provisions pertinent to the appeal now before us:

"Should my wife, Lois A. Atwell, survive me, I give to her a life interest in my property situated at and fronting on San Pablo Avenue and known as Lots Nos. 8 and 9 and fractional parts of Lots Nos. 10, 11, 12 and 13 of the Kimball Tract, together with the use of the buildings and income to be derived from the same and the control of the same during her natural life, subject to the leases that may be in effect. . . .

"Having been advised that the law gives to my wife one-half of the property I may own, if she survives me, I consider she is amply provided for; and having no natural or adopted child, I give, devise and bequeath the remaining one-half, which I am entitled to dispose of, to be divided as follows": Here follows an enumeration of the other beneficiaries and the proportionate share of each.

Before his death Atwell had conveyed the fee of the property to his wife and had retained certain leasehold interests in the property, which leasehold interests were admittedly a part of the community property. In its decree of final distribution the court recognized the ownership of the fee in the wife, and, treating Mr. Atwell's leasehold interests as community property, distributed them one-half to the widow as of right; the other half to the named beneficiaries under Atwell's will. The widow appeals, contending that by the terms of the first quoted paragraph of the will she was entitled to have distributed to her all of these leasehold interests, herein invoking the familiar principle of construction, that where a testator does not own all that he attempts to devise or bequeath, so much as he does own will go to the beneficiary. Therefore it is said that as his attempt to convey a life estate failed for the indicated reason, it should be held that he did convey by this language whatever was in his power to convey, namely, the leasehold interests. But the terms of this particular devise do not warrant this construction. By those terms even the life estate which was conveyed was, and was to be, subject "to the leases that may

be in effect.'' This quoted language, if held merely to indicate that the widow was to take the life interest subject to the rights of the lessees, would be meaningless, since necessarily she would have to take the property under those burdens. It seems to be quite apparent that the language was used as a reservation and as a withholding from the life estate devised of such leasehold interests as the husband himself had in the property, under the testator's view that those leasehold interests should continue to be a part of the community property. This was the view adopted by the trial court, under which view the decree of distribution here complained of was given.

For the indicated reasons it was correctly given, and the judgment is affirmed.

Melvin, J., and Lorigan, J., concurred.